UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$357,965.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | Case No. 3:20-cv-00568-LRH-WGC<br><br>ORDER |

On December 17, 2020, the Government filed a motion to strike Daniel Hulsey, Jr.'s Answer to the Government's Complaint. ECF No. 13. Hulsey opposed (ECF No. 14) and the Government replied (ECF No. 17). The Government then filed a motion to strike Hulsey's notice of claim (ECF No. 18) on January 5, 2021, to which he failed to timely respond (*see* ECF No. 19). On January 26, 2021, Hulsey filed a motion to file a belated opposition to the Government's motion to strike. ECF No. 20. The Government opposed (ECF No. 21) and Hulsey timely replied (ECF No. 22). For the reasons contained within this Order, the Court denies the Government's motions to strike and denies Hulsey's motion as moot.

**I.    BACKGROUND**

On October 1, 2020, the Government filed its Complaint for forfeiture *in rem* for $357,965.00 in United States Currency based on allegations that the funds represent proceeds of illegal drug trafficking. ECF No. 1. On October 5, 2020, the Court entered its Order for Summons and Warrant of Arrest in Rem for property and Notice, and the Clerk of Court issued the Summons

and Warrant of Arrest in Rem for Property and Notice. ECF Nos. 3 & 4. On October 21, 2020, the parties stipulated that Hulsey received the Complaint and Notice of this forfeiture action, and to extend the time for him to file a verified claim.[1] ECF Nos. 5 & 7. The docket reflects that no verified claim was filed by the agreed deadline.[2] However, on December 15, 2020, Hulsey filed an Answer to the Complaint. ECF No. 12. In this Answer, he admits that the $357,965.00 in United States currency was seized from his vehicle and is his legally owned and obtained property. *Id.* ¶ 4. The Answer also includes, as attached, a signed notarized "Verification," which reads:

> DANIEL HULSEY, JR., of lawful age, having been first duly sworn, on oath states: that I am the Defendant in the hearinabove styled cause of action; that I have read the foregoing Answer to In Rem Complaint, and the statements and allegations contained and set forth therein are true and correct to the best of my information, knowledge and belief.

*Id.* at 9. Having failed to file a verified claim, the Government moves to strike Hulsey's Answer. ECF No. 13. Hulsey opposed, arguing that the failure to file the verified claim was due to an "oversight," and that the Answer suffices as a verified claim because it contains all of the statutorily required information and was signed by Hulsey. ECF Nos. 14.

Hulsey subsequently filed his notice of verified claim on the docket on December 28, 2020. ECF No. 15. Without waiting for the Court to rule on the first pending motion, the Government filed a motion to strike this notice, arguing that it is untimely. ECF No. 18. Hulsey failed to file any opposition to the Government's motion due to a miscommunication between Hulsey's counsel and his Nevada-based counsel (each thought the other was filing the responsive brief). ECF Nos. 19 & 20. Realizing his error, Hulsey now motions the Court for permission to file a belated opposition to the Government's motion to strike his notice of claim. ECF No. 20.

**II.   DISCUSSION**

Pursuant to Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."

---

[1] Per the stipulation, this deadline was November 30, 2020. *See* ECF No. 7. Though not reflected on the docket, the parties agree that this deadline was later extended to December 15, 2020. *See* ECF No. 18 at 3.

[2] Though Hulsey recognizes that it is not a 'verified' claim, Hulsey filed an administrative claim with the DEA on (what the Court believes to be) July 10, 2020. *See* ECF No. 22 at 2; ECF No. 22-1.

SUPPLEMENTAL R. G(5)(a)(i). The verified claim must be filed, generally 35 days after the notice is sent, unless otherwise articulated by the Government. SUPPLEMENTAL R. G(5)(a)(ii)(A); G(4)(b). Once the claimant has filed his verified claim, he has 21 days to file an Answer to the Complaint. SUPPLEMENTAL R. G(5)(b). For a claimant to intervene in an *in rem* forfeiture action like this, he must demonstrate both constitutional and statutory standing. *United States v. One 1985 Cadillac Seville*, 886 F.2d 1142, 1148 (9th Cir. 1989). If a claimant fails to comply with Rule G(5) or (6) or lacks standing, the Court may strike a claimant's claim or answer on the Government motion. SUPPLEMENTAL R. G(8)(c)(i).

To establish constitutional standing, the claimant must demonstrate he has "such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction." *One 1985 Cadillac Seville*, 886 F.2d at 1148. "[A] simple claim of *ownership*," or an assertion of a possessory interest with some explanation of it, will be sufficient to create standing, though "[m]ere *unexplained possession*" will not be. *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1058 (9th Cir. 1994) (emphasis in original). Here, Hulsey has admitted that the at issue U.S. currency was seized from his vehicle on May 10, 2020, and it belongs to and is "his legally obtained property that he obtained through legal employment throughout his lifetime." ECF Nos. 1 ¶ 4; ECF No. 12 ¶¶ 4, 22. The Court therefore finds that Hulsey has constitutional standing.

To establish procedural standing, the claimant must show he adhered to the requirements of Supplemental Rule G(5). This includes filing a timely verified claim, which must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated[.]" SUPPLEMENTAL R. G(5)(a). The Government argues that Hulsey lacks standing because he failed to file his verified claim by the agreed deadline (December 15, 2020); instead, he filed his Answer on that date. Hulsey articulates that this was due to an "oversight," and once he became aware of this error, he filed his verified claim on December 28, 2020; just 13 days after the deadline.

Hulsey argues that his Answer may be treated as a verified claim because it includes all of the statutorily required information, and it was signed by him under penalty of perjury. The Court

3

agrees. *See* ECF No. 12 ¶ 4 (identifying the property claimed); ECF No. 12 ¶¶ 4, 22 (identifying the claimant and his ownership interest); ECF No. 12 at 9 (showing that Hulsey signed the Answer under penalty of perjury); and ECF No. 12 at 10 (showing that the Answer was served on the Government). *See United States v. One Urban Lot Located at 1 Street A-1, Valparaiso, Bayamon, Puerto Rico*, 885 F.2d 994, 999-1000 (1st Cir. 1989) ("[W]e conclude that in this particular case, where the claimant timely filed a *verified* answer containing all of the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing." (emphasis in original)).

Further, while many courts have held that strict compliance with the statutory procedures of Rule G is required, *see United States v. $20,000.00 in United States Currency*, 350 F.Supp.3d 1148, 1157 (D. N.M. 2018) (collecting cases), the advisory committee notes to Rule G(8)(c)(i)(A) provide that a Court should only strike a claim or answer "if satisfied that an opportunity should not be afforded to cure the defects under [Federal Rule of Civil Procedure 15." And the Ninth Circuit agrees that strict compliance "does not mean that any deficiency in a claim form requires dismissal of a claim." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012 (9th Cir. 2013). Rather, it is in the discretion of the district court to determine whether to "overlook the failure to conform to the requirements" of a forfeiture claim. *Id.* (quoting *United States v. Real Property at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1024 (9th Cir. 1999)). Factors the court considers are "whether the deficiency prejudiced the government, . . . and whether it was a strategic attempt to gain some advantage." *Id.* (internal citations omitted).

Here, Hulsey's failure to file his verified claim before his Answer, through procedurally incorrect, did not prejudice the Government. The Government has been well aware that Hulsey is a claimant to this forfeiture action since approximately July 2020 and has previously granted him two extensions. The Government has failed to show how it is or would be prejudiced by permitting Hulsey another 13-day extension (December 15 to December 28), to file his claim. Nor does anything before the Court indicate that Hulsey's error was a strategic attempt to gain an advantage over the Government. Contrarily, Hulsey's error does not gain him any advantage as his failure

could have been fatal to his claim. Finally, the Court finds that justice requires such a short extension so that this case can be resolved on the merits.

Therefore, the Court denies the Government's motions to strike. However, the Court does so with a cautionary instruction to Hulsey's counsel. In the short, four-month history of this case, defense counsels' conduct has been ripe with errors, and has been both unprofessional and inexcusable. Such further unprofessional conduct will likely result in revocation of Gabriel Grasso's permission to practice *pro hoc vice* within this District Court.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Government's motions to strike (ECF Nos. 13 & 18) are **DENIED.**

IT IS FURTHER ORDERED that Hulsey's motion to file a belated opposition (ECF No. 20) is **DENIED as moot**.

IT IS SO ORDERED.

DATED this 10th day of February, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5