1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
              **DISTRICT OF NEVADA**
10

11  UNITED STATES OF AMERICA,          3:20-CV-568-LRH-WGC

12               Plaintiff,            **ORDER APPROVING**
                                       **Settlement Agreement for Entry**
13          v.                         **of Judgment of Forfeiture as to**
                                       **Daniel Hulsey, Jr.**
14  $357,965.00 IN UNITED STATES
    CURRENCY,
15
                Defendant.
16

17          The United States and Daniel Hulsey, Jr., and his counsel, Brian L. Johnson, agree

18  as follows:

19          1.      This case is a civil forfeiture action seeking to forfeit $357,965 under 21

20  U.S.C. § 881(a)(6).

21          2.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to the civil judicial

22  forfeiture of the $357,965.

23          3.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to forfeit the $357,965

24  to the United States.

25          4.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to relinquish all rights,

26  title, and interest in the $357,965.

27          5.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive his right to

28  any civil judicial forfeiture proceedings (proceedings) concerning the $357,965.

6.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $357,965 arising from the facts and circumstances of this case.

7.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $357,965.

8.      Daniel Hulsey, Jr., knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $357,965.

9.      Daniel Hulsey, Jr., knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $357,965.

10.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $357,965.

11.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $357,965.

12.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $357,965.

13.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $357,965 to the United States.

/ / /

/ / /

14.     Daniel Hulsey, Jr., understands that the forfeiture of the $357,965 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Daniel Hulsey, Jr., in addition to forfeiture.

15.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Daniel Hulsey, Jr., and Order (Settlement Agreement).

16.     Daniel Hulsey, Jr., knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Department of the United States Treasury, the Nevada Highway Patrol, the Washoe County Sheriff's Office, their agencies, their agents, and their employees from any claim made by Daniel Hulsey, Jr., or any third party arising out of the facts and circumstances of this case.

17.     Daniel Hulsey, Jr., knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Department of the United States Treasury, the Nevada Highway Patrol, the Washoe County Sheriff's Office, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Daniel Hulsey, Jr., now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

18.     Daniel Hulsey, Jr., knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the

1  Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the

2  tax obligations fines, penalties, or any other monetary obligations owed to the United

3  States or an individual state; and (e) the exact sum delivered to Brian L. Johnson, on behalf

4  of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in

5  satisfaction of a debt obligation.

6        19.     After the property is forfeited in the civil case and the United States District

7  Court has signed the Settlement Agreement concerning the property, within a practicable

8  time thereafter for the United States, the United States agrees to release to Daniel Hulsey,

9  Jr., one payment of $120,000 less any debt owed to the United States, any agency of the

10  United States, or any debt in which the United States is authorized to collect, through

11  Brian L. Johnson. Daniel Hulsey, Jr., knowingly and voluntarily agrees to fill out the

12  Department of the United States Treasury Automated Clearing House (ACH) form

13  accurately and correctly and submit it to the United States Attorney's Office so that the

14  payment of the money can be disbursed by electronic fund transfer. Daniel Hulsey, Jr.,

15  knowingly and voluntarily agrees the $120,000 may be offset by any debt owed to the

16  United States, any agency of the United States, or any debt in which the United States is

17  authorized to collect.

18        20.     Each party acknowledges and warrants that its execution of the Settlement

19  Agreement is free and is voluntary.

20        21.     The Settlement Agreement contains the entire agreement between the

21  parties.

22        22.     Except as expressly stated in the Settlement Agreement, no party, officer,

23  agent, employee, representative, or attorney has made any statement or representation to

24  any other party, person, or entity regarding any fact relied upon in entering into the

25  Settlement Agreement, and no party, officer, agent, employee, representative, or attorney

26  relies on such statement or representation in executing the Settlement Agreement.

27        23.     The persons signing the Settlement Agreement warrant and represent that

28  they have full authority to execute the Settlement Agreement and to bind the persons

1 and/or entities, on whose behalf they are signing, to the terms of the Settlement

2 Agreement.

3    24.    This Settlement Agreement shall be construed and interpreted according to

4 federal forfeiture law and federal common law. The jurisdiction and the venue for any

5 dispute related to, and/or arising from, this Settlement Agreement is the unofficial

6 Northern Division of the United States District Court for the District of Nevada, located in

7 Reno, Nevada.

8    25.    Each party shall bear his or its own attorneys' fees, expenses, costs, and

9 interest.

10    26.    This Settlement Agreement shall not be construed more strictly against one

11 party than against the other merely by virtue of the fact that it may have been prepared

12 primarily by counsel for one of the parties; it being recognized that both parties have

13 contributed substantially and materially to the preparation of this Settlement Agreement.

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure and forfeiture of the $357,965.

3

4  Dated: 11/2/2021                          Dated: _____

5                                            CHRISTOPHER CHIOU

6                                            Acting United States Attorney

   Brian L. Johnson

7  *Attorney for Daniel Hulsey, Jr.*         JAMES A. BLUM

8                                            Assistant United States Attorney
                                             *Attorneys for the United States*

9  Dated: Nov. 2, 2021

10

11

12  Daniel Hulsey, Jr.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $357,965.

Dated: _____

Dated: _____

_____
Brian L. Johnson
*Attorney for Daniel Hulsey, Jr.*

CHRISTOPHER CHIOU
Acting United States Attorney

JAMES BLUM   Digitally signed by JAMES BLUM
Date: 2021.11.10 14:01:43 -08'00'
_____
JAMES A. BLUM
Assistant United States Attorney
*Attorneys for the United States*

Dated: _____

_____
Daniel Hulsey, Jr.

IT IS SO ORDERED:

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

DATED:
_____ 11/15/21 _____

7